UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Antionne Johnson** **Docket No. 5:26-CR-131-1D**

**Petition for Action on Supervised Release**

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Antionne Johnson, who upon an earlier plea of guilty to Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Conspiracy to Distribute Crack, Cocaine, and PCP, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Conspiracy to Commit Robbery, in violation of 18 U.S.C. § 1951, Robbery, in violation of 18 U.S.C. § 1951, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), was sentenced by the Honorable Nelson S. Roman, U.S. District Judge, on November 8, 2019, to the custody of the Bureau of Prisons for a term of time served. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

Antionne Johnson was released from custody on November 8, 2019, at which time the term of supervised release commenced in the Southern District of New York.

On June 16, 2021, jurisdiction was transferred to the District of South Carolina, and the case was assigned to the Honorable J. Michelle Childs, U.S. District Judge.

On March 30, 2022, the defendant's case was reassigned to the Honorable Joseph F. Ander, Jr., U.S. District Judge.

On April 11, 2024, the defendant appeared for a revocation hearing before the Honorable Joseph F. Anderson, Jr., U.S. District Judge. The defendant's term of supervised release was revoked, and he was sentenced to time served followed by a three-year term of supervised release with the following special condition: You must satisfactorily participate in and successfully complete a substance abuse treatment program at Christian Recovery Centers, Inc., in North Carolina and follow the rules and regulations of that program. The U.S. Probation Office will supervise your participation in the program (provider, location, modality, duration, intensity). You must contribute to the cost of such program not to exceed the amount determined reasonable by the court-approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

On April 30, 2024, a transfer request was submitted to the Eastern District of North Carolina, requesting our office provide supervision while Johnson participated in an inpatient drug treatment program. Our district assumed supervision on May 15, 2024.

On April 22, 2026, the District of South Carolina was advised that the defendant was charged with misdemeanor DV Protective Order Violation in Columbus County, North Carolina (26CR278308). It was requested that no action be taken at that time and our district requested jurisdiction. This case was dismissed.

On July 16, 2026, jurisdiction was transferred to the Eastern District of North Carolina, and the case was assigned to Your Honor.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to

the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. You must satisfactorily participate in and successfully complete a substance abuse treatment program at Christian Recovery Center, Inc., in North Carolina and follow the rules and regulations of that program. The U.S. Probation Office will supervise your participation in the program (provider, location, modality, duration, intensity). You must contribute to the cost of such program not to exceed the amount determine reasonable by the court-approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Tuell Waters
Tuell Waters
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: November 20, 2026

**ORDER OF THE COURT**

Considered and ordered this 20 day of November, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge